J-S55024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN MILLINER | |
| Appellant | No. 3193 EDA 2017 |

Appeal from the PCRA Order entered August 22, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0136741-1992

BEFORE: OLSON, J., STABILE, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.:                    **FILED NOVEMBER 15, 2018**

Appellant, John Milliner, appeals *pro se* from the August 22, 2017 order entered in the Court of Common Pleas of Philadelphia County, dismissing as untimely his fourth petition for collateral relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Upon review, we affirm.

On December 14, 1992, a jury convicted Appellant of second-degree murder, robbery, and criminal conspiracy. He was immediately sentenced to life in prison. This Court affirmed his judgment of sentence on December 29, 1993 and our Supreme Court denied allocatur on December 15, 1994. Appellant did not file a petition for writ of certiorari with the United States Supreme Court. Therefore, his judgment of sentence was final on March 15, 1995. In accordance with the PCRA, Appellant was required to file any PCRA

petition on or before March 15, 1996, unless the petition alleged and he proved an exception to the PCRA's timeliness requirements. 42 Pa.C.S.A. § 9545(b)(i)-(iii).

Appellant filed his first PCRA petition on January 22, 1996. Counsel was appointed and filed an amended petition. The PCRA court denied relief. However, on appeal, this Court vacated Appellant's robbery conviction while affirming the remainder of the PCRA court's order denying relief. Our Supreme Court denied Appellant's petition for allowance of appeal in May 1999. Appellant unsuccessfully pursued PCRA relief on two additional occasions in 1999 and 2010.

On April 22, 2014, Appellant filed the instant *pro se* PCRA petition, his fourth. The Honorable Tracy Brandeis-Roman considered the petition, along with numerous supplemental petitions, and served notice on May 9, 2017 of her intention to dismiss the petition pursuant to Pa.R.Crim.P. 907. Appellant filed multiple responses and, on August 22, 2017, Judge Brandeis-Roman dismissed the petition as untimely. This timely appeal followed. The court did not direct Appellant to file a statement of errors pursuant to Pa.R.A.P. 1925(b). The court issued a Rule 1925(a) opinion on October 16, 2017.

Appellant presents four issues for our consideration:

I.      Did the lower court err and/or abuse[] its discretion in treating the "Motion to Reopen and Vacate Order and Judgment of Sentence pursuant to 42 Pa.C.S.A. § 5504(b) and 5505" as a [PCRA] petition and/or in not appointing counsel?

II. Did the lower court err and/or abuse[] its discretion in not vacating Appellant's conviction and sentence and discharging him based on the "Criminal Complaint" not giving the court "subject matter" jurisdiction?

III. Did the lower court err and/or abuse[] its discretion in not concluding that Appellant's mandatory sentence is unconstitutional, thus, Appellant is entitled to vacation of his sentence and resentencing?

IV. Is the [PCRA] unconstitutional on its face or as applied, thus Appellant is entitled to habeas corpus relief?

Appellant's Brief at 5 (some capitalization omitted).

In **Commonwealth v. Stokes**, 959 A.2d 306 (Pa. 2008), our Supreme

Court stated:

Our standard of review of the denial of PCRA relief is clear: we are "limited to determining whether the PCRA court's findings are supported by the record and without legal error." **Commonwealth v. Hawkins**, 953 A.2d 1248, 1251 (Pa. 2006). We note that a second or subsequent petition must present a strong prima facie showing that a miscarriage of justice may have occurred. **Commonwealth v. Carpenter**, 555 Pa. 434, 725 A.2d 154, 160 (1999). Finally, the petition must be timely, as the Act's timeliness restrictions are jurisdictional in nature and are to be strictly construed. **Commonwealth v. Abu–Jamal**, 596 Pa. 219, 941 A.2d 1263, 1267–68 (2008).

**Id.** at 309.

Before we entertain the merits of Appellant's issues, we must determine whether we have jurisdiction to do so. As noted, Appellant had until March 15, 1996 to file a timely PCRA petition. The instant petition was filed on April 22, 2014, more than eighteen years after the deadline, and is facially untimely. Therefore, we may not consider it unless Appellant has presented

and proved an exception to the PCRA's timeliness requirement. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006) (first alteration in original) (internal citations and quotation marks omitted). Because timeliness is separate and distinct from the merits of Appellant's underlying claims, we must first determine whether this PCRA petition is timely filed. **See Stokes**, 959 A.2d at 310 (consideration of claim based on **Brady v. Maryland**, 373 U.S. 83 (1968), separate from consideration of its timeliness).

As indicated in Appellant's first issue, his 2014 petition is styled "Motion to Reopen and Vacate Order and Judgement (*sic*) of Sentence Pursuant to 42 Pa.C.S.A. § 5504(b) and 5505." He contends his motion is based upon fraud by officers of the court and is not to be considered a PCRA petition. **Id.** at 1. It is not surprising, therefore, that Appellant's petition does not allege an exception to the PCRA's timeliness requirements. Consequently, he has also not proved an exception.

Appellant's attempt to circumvent the PCRA's timeliness requirements by seeking relief under 42 Pa.C.S.A. §§ 5504(b) and 5505 is unavailing.[1] Appellant's reliance on these subsections stems from an error in the criminal complaints filed against Appellant and his co-defendant. In the complaints as filed, the victim was misidentified as Richard Cain due to a typographical error. At Appellant's preliminary hearing, the mistake was recognized and the court permitted an amendment of the complaints to reflect the identity of the actual victim, Keith Eugene Small, who had already been mentioned as the victim in the course of the hearing. Despite the amendment at the preliminary hearing, Appellant persists in claiming the error in the criminal complaints "constitute[s] a total failure to present a probable cause warrant of the accused to the [trial court]." Appellant's Motion, 4/21/14 at 3-4.

In her Memorandum and Order dismissing Appellant's third PCRA petition in 2013, the Honorable Sheila A. Woods-Skipper noted:

> The petitioner bears the burden to allege and prove one of the timeliness exception applies. Petitioner does not state a claim that any of the exceptions to the PCRA statute applies to his case. Petitioner instead claims that his conviction is not lawful due to the faulty complaint and ultimately making the complaint completely void in his case, thus depriving the court of its

---

[1] Section 5504 (Judicial extension of time) provides, in relevant part: "(b) Fraud.--The time limited by [Chapter 55—Limitations of Time] may be extended to relieve fraud or its equivalent, but there shall be no extension of time as a matter of indulgence or with respect to any criminal proceeding." Section 5505 (Modification of orders) provides: "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed."

jurisdiction over him in order to prosecute and convict him. The basis for his claim is the incorrect name of the decedent/victim from his initial criminal complaint in his case. As pointed out by Petitioner's own exhibit, this error in the criminal complaint was fixed at the municipal court level at a preliminary hearing on January 16, 1992 where the district attorney prosecuting the case at the time corrected the name on the record. Petitioner has been aware of this issue since that day in 1992 and his failure to raise this on direct appeal or in either of his previous PCRA petitions deprives this court of jurisdiction as it has been waived and/or [is] extremely untimely.

Memorandum and Order, 4/17/13, at 3-4 (unnumbered) (footnotes and some capitalization omitted). Appellant's fourth PCRA petition fails for the same reasons cited by Judge Woods-Skipper.

We note that Appellant filed several supplements to his petition, including supplements acknowledging that his current petition is a PCRA petition. He referenced those filings in his brief filed with this Court, suggesting his sentence is unconstitutional under **Alleyne v. United States**, 570 U.S. 99 (2013). Appellant's Brief at 27-29. However, as Judge Brandeis-Roman explained in her Rule 1925(a) opinion, "The Pennsylvania Supreme Court has determined that the rule announced in **Alleyne** was neither a substantive nor a 'watershed' procedural rule and, therefore, did not apply retroactively to cases pending on collateral rule." PCRA Court Rule 1925(a) Opinion, 10/16/17, at 5 (citing **Commonwealth v. Washington**, 142 A.3d 818-20 (Pa. 2016)). Further, other cases upon which Appellant relies in support of a newly-recognized constitutional right provide no basis for relief. PCRA Court Rule 1925(a) Opinion, 10/16/17, at 5-6 (citing *inter alia*,

***Commonwealth v. Hopkins***, 117 A.3d 247 (Pa. 2015), ***Commonwealth v. Wolfe***, 140 A.3d 651 (Pa. 2016), as well as Superior Court decisions, which—as the PCRA court explains—do not satisfy Section 9545(b)(1)(iii)'s requirement that the constitutional right has been recognized by the United States Supreme Court or the Pennsylvania Supreme Court).

We agree with the PCRA court that Appellant's fourth PCRA petition is untimely and Appellant has not satisfied any exception to the PCRA's timeliness requirements. Therefore, this Court, as well as the PCRA court, lacks jurisdiction to consider the merits of Appellant's claims. Further, we reject Appellant's assertion in the fourth issue raised in his brief, that the PCRA is unconstitutional as applied to him and he should be entitled to *habeas corpus* relief. ***See Commonwealth v. Turner***, 80 A.3d 754, 770 (Pa. 2013) ("The PCRA at Section 9542 subsumes the remedies of *habeas corpus* and *coram nobis*.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/18